**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| v. | | Case No.: GJH-18-3666 |
| | * | |
| **ONE ASTRA 2000 CUB PISTOL, SERIAL NUMBER 936016, ONE TAURUS 85 ULTRALITE REVOLVER, SERIAL NUMBER 73522, AND SEVENTY-ONE (71) ROUNDS OF AMMUNITION,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is a Motion for Default Judgment, ECF No. 5, filed by Plaintiff, the United States of America ("the Government") against Defendants, one Astra 2000 Cub Pistol bearing serial number 936016, one Taurus 85 Ultralite Revolver bearing serial number 73522, and seventy-one rounds of ammunition ("the Defendant Property"), in this civil forfeiture *in rem* action.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, the Government's Motion for Default Judgment is granted.

**I.   BACKGROUND**

On June 24, 2008, officers with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), along with other Maryland state and local agencies, seized the Defendant

---

[1] An action *in rem* is when a case is brought against a piece of property rather than an individual. "The essential function of an action in rem is the determination of title to or the statute of property located—physically or legally—within the court's jurisdiction. Conceptually, in rem jurisdiction operates directly on the property and the court's judgment is effective against all person who have an interest in the property." § 1070 Jurisdiction Based on Property—In General, 4A Fed. Prac. & Proc. § 1070 (4th ed.).

1

Property from George Coe during a search of Mr. Coe's residence at 9820 Ridge Street, Lanham, Maryland. ECF No. 1 ¶ 2. The Defendant Property was seized after the Prince George's County Fire and Police Department responded to a 911 call from Mr. Coe's wife, Germay Coe, reporting that her husband was on fire after the explosion of consumer fireworks in their home. ECF No. 1-1 at 1.[2] While first responders were extinguishing the fire, they noticed small metal balls in proximity to the explosion site. *Id.* Police officers obtained verbal and written consent to search the home from Mrs. Coe, who also informed investigators that there were firearms located within the home. *Id.*

During the search, an investigator located the Astra 2000 Cub Pistol on top of a china cabinet in the dining room, and an ATF agent located the Taurus 85 Ultralite Revolver on top of a dresser in the Coes' shared bedroom. *Id.* at 2. Investigators also located seventy-one rounds of ammunition in Mr. Coe's nightstand in the shared bedroom. *Id.* The firearms and ammunition were not secured in any way, so Mr. Coe had unfettered access to the seized property. *Id.* After the property was seized, it was placed in the custody of the ATF in the state and district of Maryland. ECF No. 1 ¶ 2. According to ATF's investigation, the Astra 2000 Cub Pistol is registered to someone other than George and Germay Coe, and the Taurus 85 Ultralite Revolver is not registered to anyone. ECF No. 1-1 at 3. Neither firearm was reported stolen. *Id.* Mr. Coe is prohibited from possessing firearms and ammunition due to prior convictions for Possession of a Firearm During a Crime of Violence, Assault with a Deadly Weapon, and Carrying a Pistol without a License. *Id.* at 2; *see* 18 U.S.C. § 922(g)(1).

On July 24, 2018, the Government initiated administrative forfeiture proceedings against the Defendant Property. ECF No. 8 at 6–10. After ATF received a claim to the Defendant

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Property from Mrs. Coe, ECF No. 8 at 15–18, the Government filed a Verified Complaint in this Court on November 29, 2018 seeking forfeiture of the Defendant Property pursuant to 18 U.S.C. § 924(d)(1), ECF No. 1. The Government's theory of forfeiture is that the Defendant Property was involved or used in a knowing violation of 18 U.S.C. § 922(g)(1), which prohibits individuals with felony records from possessing any firearm or ammunition. *Id.* A copy of the Verified Complaint was sent to John C. Carroll[3] and Mr. and Mrs. Coe. ECF No. 3 ¶¶ 5, 6; ECF Nos. 3-1, 3-2. Notice of the case was also posted on an official government website (www.forfeiture.gov) for at least thirty consecutive days, beginning on December 4, 2018. ECF No. 3 ¶ 7; ECF No. 3-3. On February 4, 2019, the Government moved for Clerk's Entry of Default. ECF No. 3. The Clerk entered default on March 15, 2019, ECF No. 4, and the Government subsequently filed the pending Motion for Default Judgment on March 19, 2019, ECF No. 5.

## II. DISCUSSION

This matter is governed jointly by Rule 55(b) of the Federal Rules of Civil Procedure, which concerns Motions for Default Judgment generally, and Supplemental Rule G of the Federal Rules of Civil Procedure, which concerns forfeiture actions *in rem* specifically. *See United States v. One 2003 Mercedes Benz CL500*, Case No. PWG-11-3571, 2013 WL 3713903, at *2–3 (D. Md. July 15, 2013).

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, Case No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "[t]he Fourth

---

[3] Neither the Verified Complaint nor any other document in the record specifies why notice was sent to John C. Carroll. The Court presumes he is likely the registered owner of the Astra 2000 Cub Pistol.

Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). "Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422. When considering a Motion for Default Judgment, the Court "must [then] determine whether [those] allegations … support the relief sought in th[e] action." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685 (D. Md. 2013) (citation and internal quotation marks omitted).

Supplemental Rule G of the Federal Rules of Civil Procedure lays out the pleading and notice requirements of a civil forfeiture *in rem* proceeding arising from a federal statute. *See* Fed. R. Civ. P. Supp. G. To initiate a civil forfeiture case, the Government must submit a verified complaint that states the Court's jurisdiction over the property, including the statute under which forfeiture is sought; describes the property and its location with reasonable particularity; and states "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. G(2). In a civil forfeiture case, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c). Where, as here, the Government's theory of forfeiture is that the property was "used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the Government must establish that there was "a substantial connection between the property and the offense." *Id.* However, "[t]he hurdle imposed by the substantial connection requirement is not …

a particularly high one." *One Mercedes Benz CL500*, 2013 WL 3713903, at *4 (internal quotation and citation omitted).

Turning to the notice requirements, a judgment of forfeiture "may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders." Fed. R. Civ. P. Supp. G(4)(a)(i). The Government is required to provide notice of the forfeiture proceedings both to the public generally, and directly to any known potential claimants. Fed. R. Civ. P. Supp. G(4). Publication may be by posting "on an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. G(4)(a)(iii)(B).

Default judgment is therefore appropriate in this case if the Government has complied with the notice requirements of Supplemental Rule G(4) and has shown, by a preponderance of the evidence, a "substantial connection" between the Defendant Property and Mr. Coe's violation of 18 U.S.C. § 922(g)(1).

Here, the Government has met the notice requirements of Supplemental Rule G(4) by sending a copy of the Verified Complaint to John C. Carroll and Mr. and Mrs. Coe. ECF No. 3 ¶¶ 5, 6; ECF Nos. 3-1, 3-2. The Government also notified the general public by posting notice of this case on www.forfeiture.gov, an official government internet site, for more than thirty days and within a reasonable time after filing the Verified Complaint. ECF No. 3 ¶ 17; ECF No. 3-3.

The Government has also shown that there is a substantial connection between the Defendant Property and the alleged criminal activity. The Government seeks forfeiture of the Defendant Property pursuant to 18 U.S.C. § 924(d)(1), which provides that where a firearm is "involved in or used" in the violation of any federal criminal law, that firearm is "subject to seizure and forfeiture." It is a federal criminal offense for an individual with a felony record to

possess any firearm or ammunition. 18 U.S.C. § 922(g)(1). Accepting the well-pled allegations in the Verified Complaint as true, the Government has established by a preponderance of evidence that Mr. Coe is an individual with a felony record and that he possessed the Defendant Property in violation of 18 U.S.C. § 922(g)(1). There is therefore a substantial connection between the Defendant Property and the alleged violations of § 922(g)(1).

Thus, the Court finds that because the Government satisfied the notice requirements and there is a substantial connection between the Defendant Property and the alleged criminal activity, default judgment is appropriate.[4]

### III. CONCLUSION

For the foregoing reasons, the Government's Motion for Default Judgment is granted. The Defendant Property is forfeited to the Government. A separate Order shall issue.

Date: December 23, 2019

/s/
GEORGE J. HAZEL
United States District Judge

---

[4] Any action for forfeiture pursuant to 18 U.S.C. § 924(d)(1) must be commenced within 120 days of the seizure of the property. 18 U.S.C. § 924(d)(1). Because the Defendant Property was seized on June 24, 2018 and the Government did not initiate this action until more than 120 days later on November 29, 2018, the Court was initially concerned about the timeliness of the Verified Complaint. After ordering supplemental briefing by the Government, *see* ECF No. 6, the Court is now satisfied that the Verified Complaint is timely. Pursuant to 18 U.S.C. § 983, which governs civil forfeiture generally, administrative forfeiture proceedings must commence within sixty days after seizure. 18 U.S.C. § 983(a)(1). If a claim is filed in the administrative proceeding, judicial forfeiture proceedings must commence ninety days thereafter. 18 U.S.C. § 983(a)(3)(A). In its supplemental brief, the Government provides evidence that it initiated an administrative forfeiture proceeding on July 24, 2018, within sixty days after seizure on June 24, 2018, ECF No. 8 at 6–10, and then filed the Verified Complaint on November 29, 2018, ECF No. 1, less than ninety days after receiving Ms. Coe's claim to the Defendant Property on September 4, 2018, ECF No. 8 at 15–18. The Government therefore satisfied the ninety-day requirement in 18 U.S.C. § 983, and it satisfied the 120-day requirement in 18 U.S.C. § 924(d)(1). *See United States v. Assorted Firearms*, 201 F. Supp. 2d 496, 498 (D. Md. 2002) (stating that "administrative forfeiture proceedings satisfies the statute and that, where such administrative proceedings are timely instituted, a subsequent action need not be instituted within 120 days of seizure").